

U.S. Department of Justice

*Michael J. Sullivan*
United States Attorney
District of Massachusetts

*Main Reception: (617) 748-3100*

John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

August 23, 2005

**VIA FACSIMILE**
Michael A. Collora
Dwyer & Collora LLP
600 Atlantic Avenue
Boston, MA 02210
Fax: 617-371-1037

CR05-10232- 2T

Re: Martin J. Druffner

Dear Mr. Collora:

This letter ("Plea Agreement" or "Agreement") sets forth the agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Martin J. Druffner ("Defendant"), in the above-captioned case. The Agreement is as follows:

1. Change of Plea

At the earliest practicable date, Defendant shall plead guilty to all counts of the attached Information. Defendant expressly and unequivocally admits that he in fact knowingly, intentionally and willfully committed the crimes charged in counts 1-9 of the Information, and is in fact guilty of those offenses.

2. Penalties

Defendant faces the following maximum penalties on each count of the Information:

(a) Counts 1-4, Wire Fraud, 18 U.S.C. § 1343:

   (i) Imprisonment of not more than 20 years on each count;
   (ii) Fine of not more than $250,000 or twice the gross gain to the Defendant or gross loss to the victim;
   (iii) Supervised release of not more than three years;
   (iv) Mandatory special assessment;
   (v) Restitution; and
   (vi) Forfeiture.

(b) Counts 5-8, Securities Fraud, 15 U.S.C. § 78j(b) & 78ff(a):

   (i) Imprisonment of not more than 20 years on each count;
   (ii) Fine of not more than $5,000,000 or twice the gross gain to the Defendant or gross loss to the victim;
   (iii) Supervised release of not more than three years; and
   (iv) Mandatory special assessment;
   (v) Restitution if by agreement; and
   (vi) Forfeiture.

3. <u>Sentencing Guidelines</u>

The sentence to be imposed upon Defendant is within the discretion of the sentencing Court, subject to the statutory maximum penalties set forth above, and the provisions of the Sentencing Reform Act and the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines" or "Sentencing Guidelines") promulgated thereunder, as modified by <u>United States v. Booker and United States v. Fanfan</u>, 125 S.Ct. 738, 2005 WL 50108 (January 12, 2005). In imposing the sentence, the Court must consult and take into account the Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. §3553(a).

The parties will take the following positions with respect to the application of the Sentencing Guidelines:

(a) The parties stipulate and agree that the applicable version of the Guidelines is the November 1, 2002 version.

(b) The parties stipulate and agree that the base offense level is 6, pursuant to U.S.S.G. § 2B1.1(a).

(c) The parties stipulate and agree that the loss attributed to the Defendant's criminal conduct as set forth in the Information is between $1,000,000 and $2,500,000. See U.S.S.G. § 2B1.1(b)(1)(I).

(d) The parties stipulate and agree that all eight counts of the Information are to be grouped and be measured as one Unit, pursuant to U.S.S.G. § 3D1.1-4.

The parties take no position as to the Defendant's criminal history category.

The United States reserves the right to argue that a substantial part of the fraudulent scheme was committed outside the United States or otherwise involved sophisticated means, pursuant to U.S.S.G. 2B1.1 (b)(8)(B) & (C). The Defendant reserves the right to oppose such a position.

The United States reserves the right to argue that Defendant derived more than $1,000,000 in gross receipts from one or more financial institutions, pursuant to U.S.S.G. § 2B1.1(b)(12). The Defendant reserves the right to oppose such a position.

The United States reserves the right to argue for a role enhancement to the extent appropriate under U.S.S.G. § 3B1.1. The Defendant reserves the right to oppose such a position.

The Defendant reserves the right to argue for a departure below the calculated Guidelines range and to argue that the factors set forth in 18 U.S.C. 3553(a) warrant a sentence below the otherwise applicable Guidelines range. In no event, however will Defendant argue for a sentence that includes less than 18 months imprisonment.

In the event Defendant contends that there is a basis for departure from the otherwise applicable Guidelines range based his medical, mental and/or emotional condition, or otherwise intends to rely on any such condition at sentencing, Defendant will, forthwith upon request, execute all releases and other documentation necessary to permit the U.S. Attorney and his experts (including medical personnel of the Bureau of Prisons) obtain access to Defendant's medical, psychiatric, and psychotherapeutic records and will also provide to the U.S.

Attorney forthwith copies of any such records already in his possession. In addition, Defendant will authorize his care providers to discuss his condition with the U.S. Attorney and agents (including medical personnel of the Bureau of Prisons), well as experts retained by the U.S. Attorney. Defendant also agrees to submit to examinations and interviews with experts retained by and chosen by the U.S. Attorney (including medical personnel of the Bureau of Prisons). Defendant shall provide such information and access no later than sixty (60) days prio to the sentencing date; failure to provide such information an access shall consist of a waiver of Defendant's right to reque a downward departure based on his medical, mental and/or emotional condition.

The U.S. Attorney reserves the right to oppose Defendant' departure argument(s).

Based on Defendant's prompt acceptance of personal responsibility for the offense(s) of conviction in this case, information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's Adjusted Offense Level under U.S.S.G. § 3E1 assuming that the offense level determined prior to the operat of U.S.S.G. § 3E1.1(a) is level 16 or greater. If the offense level determined prior to the operation of U.S.S.G. § 3E1.1(a) lower than level 16, the U.S. Attorney agrees to recommend tha the Court reduce the Defendant's Adjusted Offense Level by two levels.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between his execution of this Agreement and sentencing Defenda

    (a) Fails to admit a complete factual basis for the plea;

    (b) Fails to truthfully admit his conduct in the offenses of conviction;

    (c) Falsely denies, or frivolously contests, releva conduct for which Defendant is accountable unde U.S.S.G. § 1B1.3;

    (d) Fails to provide truthful information about his financial status;

    (e) Gives false or misleading testimony in any proceeding relating to the criminal conduct

4

    charged in this case and any relevant conduct f
    which Defendant is accountable under U.S.S.G. §
    1B1.3;

 (f) Engages in acts which form a basis for finding
    that Defendant has obstructed or impeded the
    administration of justice under U.S.S.G. § 3C1.

 (g) Intentionally fails to appear in Court or viola
    any condition of release;

 (h) Commits a crime;

 (i) Transfers any asset protected under any provisi
    of this Agreement; and/or

 (j) Attempts to withdraw his guilty plea.

Defendant expressly understands that he may not withdraw
plea of guilty if, for any of the reasons listed above, the U.
Attorney does not recommend that he receive a reduction in
Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to
declining to recommend an acceptance-of-responsibility
adjustment, the Government may seek an upward adjustment pursu
to U.S.S.G. § 3C1.1 if Defendant obstructs justice after the d
of this Agreement.

 4. <u>Sentence Recommendation</u>

In the event the U.S. Attorney does not file a motion und
U.S.S.G. §5K1.1 and/or 18 U.S.C. §3553(e), the U.S. Attorney
agrees to recommend the following sentence before the District
Court:

 (a) Incarceration or other confinement at
    the low end of the Guidelines range as
    determined by the U.S. Attorney in
    paragraph 3 above;

 (b) Fine of $25,000 unless the court finds
    that Defendant is not able and, even
    with the use of a reasonable installment
    schedule, is not likely to become able
    to pay a fine;

 (c) Mandatory special assessment;

5

 (d) Restitution in an amount to be determined at a later date; and

 (e) Supervised release of two years.

Defendant agrees that he will provide to the U.S. Attorney expert reports, motions, memoranda of law and documentation of any kind on which he intends to rely at sentencing not later than twenty-one days before sentencing. Any basis for sentencing with respect to which all expert reports, motions, memoranda of law and documentation have not been provided to the U.S. Attorney at least twenty-one days before sentencing shall be deemed waived.

5. **Payment of Mandatory Special Assessment**

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6. **Protection of Assets for Payment of Restitution, Forfeiture and Fine**

Defendant agrees not to transfer, or authorize the transfer of, any asset which has been restrained by Order of the Court in this case or any asset, whether or not restrained, which Defendant has agreed to forfeit pursuant to this Agreement.

Defendant agrees not to transfer, or authorize the transfer of any other asset in which he has an interest without prior express written consent of the U.S. Attorney, except for:

 (1) Assets subject to superior, secured interests of innocent third parties, in which Defendant has an equity interest of less than $10,000;

 (2) Ordinary living expenses necessary to house, clothe, transport and feed Defendant and those to whom he owes a legal duty of support, so long as such assets do not exceed $10,000 per month; and

 (3) Attorney's fees incurred in connection with this criminal case.

This prohibition shall be effective as of the date of Defendant's execution of this Agreement and continue until the fine, forfeiture and/or restitution ordered by the Court at sentencing are satisfied in full.

Defendant further agrees that, prior to sentencing, he wi[ll] truthfully and accurately complete the sworn financial stateme[nt] enclosed with this Agreement.

7. <u>Waiver of Rights to Appeal and to Bring Collateral Challenge</u>

Defendant is aware that he has the right to challenge his sentence and guilty plea on direct appeal. Defendant is also aware that he may, in some circumstances, be able to argue tha[t] his plea should be set aside, or his sentence set aside or reduced, in a collateral challenge (such as pursuant to a moti[on] under 28 U.S.C. § 2255).

In consideration of the concessions made by the U.S. Attorney in this Agreement, Defendant knowingly and voluntaril[y] waives his right to appeal or collaterally challenge:

    (1) Defendant's guilty plea and any other aspect of Defendant's conviction, including, but not limi[ted] to, any rulings on pretrial suppression motions [or] any other pretrial dispositions of motions and issues; and

    (2) The imposition by the District Court of a sente[nce] which does not exceed that being recommended by the U.S. Attorney pursuant to this Agreement.

Defendant's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on new legal principles in First Circuit or Supreme Cour[t] cases decided after the date of this Agreement which are held [by] the First Circuit or Supreme Court to have retroactive effect.

Defendant's waiver also shall not extend to an appeal or collateral challenge based solely on the argument that the District Court misunderstood the scope of its authority to depa[rt] from the applicable Sentencing Guidelines range, where the District Court states on the record at sentencing both its des[ire] to depart and the basis on which it would depart if it had the legal authority to do so.

This Agreement does not affect the rights or obligations [of] the United States as set forth in 18 U.S.C. § 3742(b), and the U.S. Attorney therefore retains his appeal rights.

8. Cooperation

    a. Terms of Cooperation

Defendant agrees to cooperate fully with law enforcement agents and government attorneys. He must provide complete and truthful information to all law enforcement personnel. If his testimony is requested, he must testify truthfully and complet y before any grand jury, and at any hearing and trial. Defendan must answer all questions put to him by any law enforcement agents or government attorneys and must not withhold any information. He must not attempt to protect any person or enti through false information or omission, or to implicate falsely any person or entity. Upon request, he must furnish all documents, objects and other evidence in his possession, custo or control that are relevant to the government's inquiries.

Defendant understands that he has a right to have counsel present when communicating with representatives of the governm concerning the criminal conduct with which he has been charged To facilitate his cooperation, Defendant hereby knowingly and voluntarily waives this right with respect to all debriefings law enforcement agents and government attorneys and all appearances to testify. This waiver may be revoked at any tim by a specific request by Defendant or his counsel without otherwise affecting the terms or enforceability of this Agreement.

To enable the Court to have the benefit of all relevant sentencing information, Defendant waives any rights he may hav to prompt sentencing and will join in any requests by the U.S. Attorney that sentencing be postponed until Defendant's cooperation is complete. Defendant understands that the date Defendant's sentencing is within the sole discretion of the Cou and that this Agreement may require Defendant's cooperation to continue even after Defendant has been sentenced. Defendant's failure to continue to cooperate pursuant to the terms of this Agreement after sentence is imposed shall constitute a breach this Agreement by Defendant.

    b. Substantial Assistance Motion

In the event that Defendant provides substantial assistan in the investigation or prosecution of another person who has committed a criminal offense, the U.S. Attorney agrees that, a or before the time of sentencing, the U.S. Attorney will make motion under U.S.S.G. § 5K1.1, and if the U.S. Attorney determines it to be appropriate, 18 U.S.C. § 3553(e), so that t

8

sentencing court may impose a sentence below that which otherwise would be required under the relevant statutes.

The determination whether Defendant has provided substantial assistance rests solely in the discretion of the U.S. Attorney and is not subject to appeal or review. The U.S. Attorney expressly reserves the right to decline to file a motion pursuant to U.S.S.G. § 5K1.1 if Defendant violates any condition of his pretrial release, violates any of the requirements of honesty and candor detailed in paragraph 8(a) above, or engages in any criminal conduct after the date he signs this Agreement. Defendant may not withdraw his plea if the U.S. Attorney determines that Defendant has not rendered substantial assistance, if the U.S. Attorney determines to file a motion under U.S.S.G. § 5K1.1 but not under 18 U.S.G. § 3553(e), or if the Court refuses to grant the U.S. Attorney's motion for a downward departure.

    c.    <u>Sentence Recommendation with Substantial Assistance</u>

If Defendant provides substantial assistance, subject to the provisions of paragraphs 8(a) and (b) above, the U.S. Attorney will advise the sentencing judge of the full nature, extent and value of the assistance provided by Defendant.

Except as provided in the following paragraph, the U.S. Attorney reserves the right to recommend a particular sentence, sentencing range, or to make no recommendation at Defendant's sentencing.

In the event that the U.S. Attorney determines that Defendant has provided substantial assistance and files a motion under U.S.S.G. § 5K1.1 or pursuant to 18 U.S.C. § 3553(e), the U.S. Attorney agrees that he will not recommend a sentence of imprisonment of more than 36 months.

Defendant agrees that if the U.S. Attorney files a motion under § 5K1.1 or pursuant to 18 U.S.C. § 3553, Defendant will not request a sentence that includes less than 18 months imprisonment.

    d.    <u>Letter Immunity</u>

In return for Defendant's full and truthful cooperation, the U.S. Attorney agrees not to use any information provided by Defendant pursuant to this Agreement (or any information directly or indirectly derived therefrom) against Defendant in any

criminal case except in a prosecution (1) for perjury or obstruction of justice, or for making a false statement after t  date of this Agreement; or (2) for an act of physical violence against the person of another, or conspiracy to commit any such act of violence. The U.S. Attorney reserves the right to respo  fully and completely to all requests for information by the District Court and U.S. Probation Office in this case. All suc  disclosures, however, shall be made subject to the provisions constraining the use of this information by the District Court and U.S. Probation Office contained in U.S.S.G. § 1B1.8(a) and the commentary thereto. Notwithstanding the provisions of U.S.S.G. § 1B1.8(b)(5) and the commentary thereto, the U.S. Attorney agrees to take the position that at the time of sentencing information provided by Defendant pursuant to this Agreement should not be used either in determining where within the applicable Guidelines range to sentence Defendant or in determining whether, or to what extent, a departure from the Sentencing Guidelines is warranted.

If the U.S. Attorney determines that Defendant has breache  this Agreement by making any false, incomplete or misleading statement, or by providing any false, incomplete or misleading information to any law enforcement personnel, grand jury or court, the U.S. Attorney may terminate this Agreement as set forth below, and may also prosecute Defendant for any and all offenses that could be charged against him in the District of Massachusetts, including, but not limited to, false statements and perjury.

9.   <u>Court Not Bound By Agreement</u>

The sentencing recommendations made by the parties and the respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant m  not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw his plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendation  of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

10. <u>Information For Presentence Report</u>

Defendant agrees to provide all information requested by t U.S. Probation Office concerning his assets.

11. <u>Civil Liability</u>

By entering into this Agreement, the U.S. Attorney does no compromise any civil liability, including but not limited to an tax liability, which Defendant may have incurred or may incur a a result of his conduct and his plea of guilty to the charges specified in paragraph one of this Agreement. Defendant agrees to cooperate with employees of the Internal Revenue Service ("IRS"), the Securities and Exchange Commission ("SEC"), the Civil Division of the U.S. Attorney's Office, and law enforceme agents working with attorneys in the U.S. Attorney's Office or with the SEC, in making an assessment of his civil liabilities. Defendant specifically authorizes release by the IRS, SEC or other investigative agency to the aforementioned agencies and their representatives of information for purposes of making tha assessment. Defendant further agrees to assent to the filing a allowance of a motion under Rule 6(e) of the Federal Rules of Criminal Procedure, to permit the disclosure of matters occurri before the grand jury for this purpose.

12. <u>Rejection of Plea By Court</u>

Should Defendant's guilty plea not be accepted by the Cour for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option the U.S. Attorney.

13. <u>Breach of Agreement</u>

If the U.S. Attorney determines that Defendant has failed comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney ma at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespectiv of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant t this Agreement. Defendant recognizes that no such breach by hi of an obligation under this Agreement shall give rise to ground for withdrawal of his guilty plea. Defendant understands that,

should he breach any provision of this Agreement, the U.S. Attorney will have the right to use against Defendant before a grand jury, at any trial or hearing, or for sentencing purpose any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement without any limitation. In this regard, Defendant hereby waives any defens to any charges which he might otherwise have under any statute limitations or the Speedy Trial Act.

Notwithstanding paragraph 11, the U.S. Attorney will not take the position that Defendant has violated the terms of this Agreement if he takes a different position in civil proceedings from other parties, including the SEC, regarding the disgorgeme owed or the amount of civil penalty owed in those civil proceedings, so long as he does not take the position that the loss caused by the offense conduct (or Defendant's gain from th offense conduct) is equal to or less than $1,000,000 before taxe

14. <u>Who Is Bound By Agreement</u>

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, sta or local prosecutive authorities.

15. <u>Defendant's Request for Designation to Specific Facility</u>

Defendant reserves the right to request the Court to order designation to a particular Bureau of Prisons facility.

16. <u>Agreement Based on Information Currently Known to the U.S. Attorney</u>

This Agreement is based on information currently known by the U.S. Attorney. So long as Defendant complies fully with th terms of this Agreement (with such compliance to be determined solely by the U.S. Attorney as set forth in paragraph 13 herein the U.S. Attorney will not proceed with additional prosecutions of the Defendant based on conduct set forth in the Information based on conduct similar to that set forth in the Information known by the U.S. Attorney as of the date of this Agreement.

17. <u>Complete Agreement</u>

This letter contains the complete agreement between the parties relating to the disposition of this case. No promises,

representations or agreements have been made other than those s
forth in this letter and in the proffer letter dated August 1,
2005.  This Agreement supersedes prior understandings, if any,
the parties, whether written or oral with the sole exception of
those contained in the proffer letter dated August 1, 2005.  Th
Agreement can be modified or supplemented only in a written
memorandum signed by the parties or on the record in court.

   If this letter accurately reflects the agreement between t
U.S. Attorney and Defendant, please have Defendant sign the
Acknowledgment of Agreement below.  Please also sign below as
Witness.  Return the original of this letter to Assistant U.S.
Attorney Jack W. Pirozzolo.

                                   Very truly yours,

                                   MICHAEL J. SULLIVAN
                                   United States Attorney

                                By: _____
                                   MICHAEL K. LOUCKS
                                   First Assistant U.S. Attorne

                                   Jack W. Pirozzolo
                                   Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets fort my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any officia of the United States in connection with this matter. I understa the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guidelines penaltie potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussec the charges against me, possible defenses I might have, the ter of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guil and I believe this Agreement is in my best interest.

_____
MARTIN J. DRUFFNER
Defendant

Date: 8-25-05

I certify that Martin J. Druffner has read this Agreement and that we have discussed its meaning. I believe he understar the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

_____
Michael A. Collora, Esq.
Attorney for Defendant

Date: 8-25-05

14